Sullivan, R.

Law Offices of George N. Proios, PLLC
Attorneys for Plaintiff
JOAO CONTROL & MONITORING SYSTEMS, LLC
65 West 36th Street, 7th Floor
New York, New York 10018
(212) 279-8880

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-29-14
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOAO CONTROL & MONITORING SYSTEMS, LLC,

           Plaintiff,

-against-

LIQUID CASH, LLC,

           Defendant.

ECF CASE

12-CV-6315 (RJS)

### STIPULATED JUDGEMENT AGAINST DEFENDANT LIQUID CASH, LLC

Plaintiff, Joao Control & Monitoring Systems, LLC, ("JCMS" or "Plaintiff") and Defendant, Liquid Cash, LLC ("Liquid Cash" or "Defendant"), have agreed to settlement of this action. Therefore, on the joint stipulation of JCMS and Liquid Cash, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

### FINDINGS

- This Court has jurisdiction over the subject matter and the parties pursuant to 35 U.S.C. §1 *et seq.*, and 28 U.S.C. §§1331 and 1338(a).

- Venue is proper as to all parties in this District.

- The Complaint states a claim upon which relief may be granted against Liquid Cash pursuant to 35 U.S.C. § 271.

1

- Liquid Cash has entered into this Stipulated Judgment freely and without coercion. Defendant further acknowledges that it has read the provisions of this Order and is prepared to abide by them.

- Plaintiff and Defendant hereby waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## **ORDER**

- Judgment in the amount of One Hundred Thousand Dollars ($100,000) is hereby entered against Liquid Cash. The aforesaid amount represents a ten percent (10%) royalty rate as applied to Liquid Cash's infringing revenue based upon Defendant's tax returns for the years 2006 to 2012 (Dkt. Nos. 22-1, 23-1, 24-1, 24-2, 25-1, and 25-2), and a Centurion Processor Report (Dkt. No. 25-3) covering the time period of January 2013 to September 2013.

- JCMS will not seek to enforce this judgment against any member, officer, or principle of Liquid Cash individually.

- JCMS may obtain satisfaction of this judgment from Liquid Cash, LLC and/or any of its successors or assigns, including, but not limited to, successors or assigns through merger, incorporation, dissolution, assignment, and/or sale.

- Plaintiff's agreement to this Order is expressly premised upon the truthfulness, accuracy, and completeness of Defendant's financial documents identified in paragraph 7, which include material information upon which Plaintiff relied in negotiating and agreeing to this Order, including, but not limited to, a statement of gross revenues and infringing revenues for the relevant period. If, upon motion by

Plaintiff, this Court finds that Defendant has failed to disclose any material asset or materially misstated the value of any asset, or have made any other material misstatement or omission, then this Order shall be reopened.

- Defendant shall, for a period of five (5) years from the date of entry of this Order, notify Plaintiff's counsel, Steven W. Ritcheson, HENINGER GARRISON DAVIS, LLC, 9800 DTopanga Canyon Blvd, #347, Chatsworth, CA, 91311, at least fifteen (15) days prior to any change in Defendant's business, including, but not limited to, merger, incorporation, dissolution, assignment, and sale, which results in the emergence of a successor corporation or limited liability company, the creation or dissolution of a subsidiary or parent, or any other change, which may affect Defendant's obligations under this Order.
- Plaintiff and Defendant agree to bear its own costs and attorneys' fees incurred in connection with this action.
- Plaintiff and Defendant agree that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

JCMS and Liquid Cash hereby consent to entry of the foregoing Order which shall constitute a final judgment and order in this matter as to Liquid Cash. Plaintiff and Defendant further stipulate and agree that the entry of the foregoing Order shall constitute a full, complete and final settlement of this action as to Defendant.

JUDGMENT IS THEREFORE ENTERED in favor of Plaintiff and against Defendant, pursuant to all the terms and conditions recited above.

3

Respectfully Submitted,

LAW OFFICES OF GEORGE N. PROIOS,
PLLC

By: _____  By: _____
Date: __12-18-14__  Date: __11-24-14__
George N. Proios  Brian A. Capobianco
65 West 36th Street, 7th Floor  Corporate Representative for Liquid Cash,
New York, New York 10018  LLC
(212) 279-8880
Of Counsel:

Steven W. Ritcheson, Esq.
Heninger Garrison Davis, LLC
9800 D Topanga Canyon Blvd., #347
Chatsworth, CA 91311
(818) 882-1030

Dara T. Jeffries, Esq.
Heninger Garrison Davis, LLC
3621 Vinings Slope, Suite 4320
Atlanta, GA 30339
(404) 996-0867

Attorneys for Plaintiff
JOAO CONTROL & MONITORING
SYSTEMS, LLC

**SO ORDERED:**

_____
U.S.D.J.
12/29/14

4